# CHASE *v.* CURTIS & Another.

IN ERROR. TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued January 30, 1885.—Decided March 2, 1885.

The provision in § 12 of the act of the legislature of New York of February 17, 1848, as amended June 7, 1875, whereby trustees of corporations formed for manufacturing, mining, mechanical, or chemical purposes are made liable for debts of the company on failure to file the reports of capital and of debts required by that section, is penal in its character, and must be construed with strictness as against those sought to be subjected to its liabilities.

In a suit under the provisions of that act, as amended, to recover of the trustees of such corporation the amount of a judgment against the corporation, the judgment roll is not competent evidence to establish a debt due from the corporation to the plaintiff.

A claim in tort against a corporation formed under that act, as amended, is

not a debt of the company for which the trustees may become liable jointly and severally under the provisions of the amended § 12.

In a proceeding to enforce a liability created by a state statute, the courts of the United States give to a judgment of a state court the same effect, either as evidence, or as cause of action, which is given to it in like proceedings in the courts of the state whose laws are invoked in the enforcement.

The complaint in this action, after alleging that the plaintiff (who is plaintiff in error) was a citizen of Pennsylvania, and the defendants citizens of New York, proceeded as follows:

"*Second.* That at the times hereinafter mentioned the defendants were trustees of the Union Petroleum Company of New York.

"*Third.* That the said company is, and at the times hereinafter mentioned was, a corporation organized pursuant to an act of the legislature of the State of New York, entitled ' An Act to authorize the formation of corporations for manufacturing, mining, mechanical, or chemical purposes,' passed on the 17th day of February, 1848, and the amendments thereto, its principal place of business being in the city of New York.

"*Fourth.* That the said plaintiffs brought their plea of trespass on the case against the said Union Petroleum Company of New York in the Court of Common Pleas for the county of Venango, in the State of Pennsylvania, in which the said Union Petroleum Company duly appeared, and that the said action was thereafter and on or about the 9th day of September, 1873, on the petition of the said Union Petroleum Company, verified by the affidavit of Abijah Curtis, one of the defendants above named, removed to the United States Circuit Court for the Western District of Pennsylvania. And that on the 30th day of July, 1874, and before the time for filing the annual report hereinafter mentioned, the above-named plaintiffs duly recovered a judgment in the said action against the said Union Petroleum Company of New York in the Circuit Court of the United States in and for the Western District of Pennsylvania, by the judgment and consideration of said court having jurisdiction therein, and of the said Union and Petroleum Company of New York, for forty thousand five hundred dollars

($40,500.00) damages, and three hundred and twenty-eight dollars and ninety-seven cents ($328.97) costs, which judgment ·was duly given, and ·still remains in full force and effect, not satisfied or annulled, and no part thereof has been paid.

" *Fifth.* That the said Union Petroleum Company of New York did not within twenty (20) days from the first day of January, 1875, make and publish a, report as required by law in such case made and provided, signed by its president and a majority of its trustees, and verified by the oaths of the president or secretary thereof, and did not file the same in the office of the clerk of the county where the business of the company was carried on, to wit, the county of New York; nor have they made, published, signed, verified, or filed any such report whatsoever as by law required, but have wholly failed so to do.

. "Wherefore the plaintiffs demand judgment against the above-named defendants in the sum of $40,828.97, with interest on $40,500.00 from the 30th day of July, 1874, and on $328.97 from the 3d day of October, 1874, besides the costs and disbursements of this action."

To this complaint the defendants severally demurred, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and judgment rendered in favor of the defendants, dismissing the complaint, to reverse which this writ of error was prosecuted.

The statute on which the action was founded is as follows:

" SECTION 1. The twelfth section of the 'Act to authorize the formation of corporations for manufacturing, mining, mechanical, or chemical purposes,' passed February 17, 1848, as said section was amended by chapter 657 of the laws of 1871, is hereby further amended, so that section 12 shall read as follows:

" § 12. Every such company shall, within twenty days from the first day of January, if a year from the time of the filing of the certificate of incorporation shall then have expired, and, if so long a time shall not have expired, then, within twenty days from the first day of January in each year after the expiration of a year from the time of filing such certificate, make a report which shall be published in some newspaper published

in the town, city, or village, or if there be no newspaper published in said town, city, or village, then in some newspaper published nearest the place where the business of the company is carried on, which shall state the amount of capital, and of the proportion actually paid in, and the amount of its existing debts, which report shall be signed by the president and a majority of the trustees, and shall be verified by the oath of the president or secretary of said company, and filed in the office of the clerk of the county where the business of the company shall be carried on, and if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made; but whenever under this section a judgment shall be recovered against a trustee severally, all the trustees of the company shall contribute a ratable share of the amount paid by such trustee on such judgment, and such trustee shall have a right of action against his co-trustees, jointly or severally, to recover from them their proportion of the amount so paid on such judgment; provided that nothing in this act contained shall affect any action now pending." Laws of New York, 1875, ch. 510, passed June 7, 1875.

*Mr. George A. Black* (*Mr. Henry J. Scudder* was with him) for plaintiff in error.—The distinctions made in certain conflicting cases between judgments and contracts can have no bearing here. *O'Brien* v. *Young*, 95 N. Y. 428; *Taylor* v. *Root*, 4 Keyes, 335, 344. The case of *Miller* v. *White*, on which the decision below was based, is reported in 57 Barb. 508; 59 Barb. 443, and 50 N. Y. 137. It shows this peculiarity, that the debt for which the trustees became liable was contracted prior to the default, and only put in judgment after the default. This is obvious from the report of the case in 59 Barb. 435, where the complaint alleged that on the first of January, 1865, the company was indebted, that the judgment was recovered on this indebtedness in June, 1866, and that no report was filed in January of 1865, '66, '67 or '68. In its opinion the Court of Appeals, 50 N. Y. 137, says: "The right of action in this case

arose, if ever, at the expiration of twenty days from the first day of January, 1865; at that time the judgment had no existence. It was not recovered until June, 1866. It is true that the plaintiffs aver defaults in the company in making said reports for the years 1866, 1867 and 1868, but no evidence was given of any default except in January, 1865. . . . The question involved in this case is not free from doubt or difficulty. . . . I think the principles of the law are better sustained by holding this judgment not evidence against these defendants, that they are neither parties nor privies to it, and that they should not be bound by it." The courts of New York have refused to follow this case except within the strict limits of the facts presented by it. *Lewis* v. *Armstrong*, 8 Abbott N. C. 385. The judgment is evidence in this action of the debt of the company *ex necessitate*. The action was for trespass on the case for a tort (entering upon and taking oil from the lands of the plaintiff), which was unliquidated except by the verdict, which possibly contained an allowance in the nature of punitive damages. It was impossible of exact computation, containing allowances for costs provable in no other way. It would be absurd, unreasonable and productive of uncertainty and confusion to require the submission to another jury of the facts which led to this verdict; for if they found a less amount it is palpable that a part only of the debt of the company would be recovered against these defendants who are liable for all the debts of the company. If they gave a larger verdict these defendants would be the first to complain. Under the statute they are severally as well as jointly liable. Each one could be sued apart from the others, and if one trustee is sued alone, all the trustees shall contribute a ratable share of the amount paid on such judgment. If in each suit against each trustee the whole evidence of the original claim had to be gone into and separate verdicts rendered, which might be for very dissimilar amounts, the contribution would become a matter more involved than the original claim. As the theory on which the judgment is made conclusive, is that, as the parties to it have had their day in court and have exhausted their proofs, they are thereby estopped from denying its

validity. Whatever may be the ruling of the State courts in respect to admissions of evidence, they are not binding upon the United States courts, because such decisions do not present a case of statutory construction. *McNiel* v. *Holbrook*, 12 Pet. 84; *Town of Venice* v. *Murdock*, 92 U. S. 494. The view that a judgment is evidence against the trustee of a liability of the corporation is supported by numerous very respectable authorities in the State of New York. *Slee* v. *Bloom*, 20 Johns. 668, 684; *Moss* v. *McCullough*, 7 Barb. 279; *S. C.* 5 Hill, 131; *Moss* v. *Averell*, 10 N. Y. 449; *Belmont* v. *Coleman*, 1 Bosw. 188; *S. C.* 21 N. Y. 96. And in other States and England: *Utley* v. *Tool Co.*, 11 Gray, 139; *Farnum* v. *Ballard Vale Machine Shop*, 12 Cush. 507; *Dauchy* v. *Brown*, 24 Vt. 197; *Milliken* v. *Whitehouse*, 49 Maine, 527; *Corse* v. *Sanford*, 14 Iowa, 235; *Wilson* v. *Pittsburgh, &c., Coal Co.*, 43 Penn. St. 424; *Gaskill* v. *Dudley*, 6 Met. 546; *Green* v. *Nixon*, 23 Beav. 530, 538; *Bank of Australia* v. *Nias*, 4 Eng. Law & Eq. 252; Thompson's Liability of Stockholders, § 329 *et seq.*

*Mr. Grosvenor P. Lowry* for defendants in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court. He recited the facts as above stated, and continued:

It is the well settled rule of decision, established by the Court of Appeals of New York in numerous cases, that this section of the statute, to enforce which the present action was brought, is penal in its character, and must be construed with strictness as against those sought to be subjected to its liabilities. *Merchants' Bank* v. *Bliss*, 35 N. Y. 412; *Wiles* v. *Suydam*, 64 N. Y. 173; *Easterly* v. *Barber*, 65 N. Y. 252; *Knox* v. *Baldwin*, 80 N. Y. 610; *Veeder* v. *Baker*, 83 N. Y. 156; *Pier* v. *George*, 86 N. Y. 613; *Stokes* v. *Stickney*, 96 N. Y. 323.

In the case last cited the action authorized by it was held to be *ex delicto*, and that it did not survive as against the personal representative of a trustee sought to be charged.

In *Bruce* v. *Platt*, 80 N. Y. 379, it was said:

"It is settled, by repeated decisions applicable to this case, that the statute in question (Laws of 1848, ch. 40, § 12) is

penal, and not to be extended by construction; that in an action to enforce a liability thereby created, nothing can be presumed against the defendants, but that every fact necessary to establish their liability must be affirmatively proved," citing *Garrison* v. *Howe*, 17 N. Y. 458; *Miller* v. *White*, 50 N. Y. 137; *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62.

This rule of construction in reference to this and similar statutory provisions has been heretofore adopted and applied by this court. *Steam Engine Co.* v. *Hubbard*, 101 U. S. 188; *Flash* v. *Conn*, 109 U. S. 371.

In the case last mentioned, this court, following the Court of Appeals of New York in the case of *Wiles* v. *Suydam*, 64 N. Y. 173, showed the distinction between the liability of stockholders for the debts of the corporation, under a section of the same act, making them severally individually liable for the debts and contracts of the company to an amount equal to the amount of stock held by them respectively, until the whole amount of the capital stock fixed and limited by the company has been paid in, and the liability imposed upon the trustees by the section now under discussion. It was held that the former was a liability *ex contractu*, enforceable beyond the jurisdiction of the State, and that the statute should be construed liberally in furtherance of the remedy; that the latter was for the enforcement of a penalty, and subject to all the rules applicable to actions upon statutes of that description.

The distinction is illustrated and enforced in *Hastings* v. *Drew*, 76 N. Y. 9, and *Stephens* v. *Fox*, 83 N. Y. 313.

The precise question involved here was decided by the Court of Appeals of New York in the case of *Miller* v. *White*, 50 N. Y. 137. In that case the complaint set forth the recovery of a judgment against the company, but not the original cause of action against it, on which the judgment was founded. The defendant moved for a dismissal on this ground, which was refused, and judgment was rendered in favor of the plaintiff on the production in evidence of the judgment roll. This was held to be erroneous on the ground that the judgment was not competent as evidence of any debt due from the corporation, and that no action could be maintained thereon against the

trustees under this section of the act. Judge Peckham, delivering the unanimous opinion of the court, said :

"It will be perceived that this is a highly penal act, extremely rigorous in its provisions. It is absolute that the trustees shall be liable for all the debts of the company, if the report be not made, no matter by whose default. If one of the trustees did all in his power to have it made, yet if the president, or a sufficient number of his co-trustees to constitute a majority, declined to sign it, or if the president and secretary declined to verify it by oath, the faithful trustee seems to be absolutely liable as well as those who refuse to do their duty."

It was accordingly held, "that, as against these defendants, the judgment did not legally exist, as they were neither parties nor privies to it. . . . It is not a judgment as to these defendants; no action could be maintained thereon against them. . . . Nor is the judgment *prima facie* evidence of the debt as against these defendants."

This doctrine was repeated and reaffirmed by the same court in *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62–72. In that case the court said : "The debt must be proved by evidence competent against the defendants. The facts upon which the debt is founded must be proved. The naked admissions of the corporation or judgment against the corporation are not evidence against the trustees. They are *res inter alios acta ;* but, when facts are proved which would establish the existence of a debt against the corporation, the liability of the trustees for the debt follows upon the proof of the other facts upon which the liability is made by statute to depend."

The case of *Miller* v. *White, ubi supra,* has never been overruled, nor questioned by the New York Court of Appeals. On the contrary, it has been repeatedly and expressly cited and approved, and either followed or distinguished from the case under decision, in the following cases: *Rorke* v. *Thomas,* 56 N. Y. 559–565; *Hastings* v. *Drew,* 76 N. Y. 9–15; *Stephens* v. *Fox,* 83 N. Y. 313–317; *Knox* v. *Baldwin,* 80 N. Y. 610–613; *Bruce* v. *Platt,* 80 N. Y. 379–381.

It is attempted, however, in argument to distinguish the present case from that of *Miller* v. *White, ubi supra,* upon the

facts, so as to except this from the rule of that decision. In the case of *Miller* v. *White, ubi supra*, the judgment sued on was not recovered until after the alleged default on the part of the defendants, as trustees, in filing their report, whereas in the present case the default is alleged to have occurred after the recovery of the judgment sued on. But in *Miller* v. *White*, the plaintiffs did aver defaults occurring after the rendition of the judgment, although none were proved except one occurring before it was recovered; and the court said (50 N. Y. 140): " The right of action in this case arose, if ever, at the expiration of the twenty days from the first day of January, 1865. At that time the judgment had no existence. It was not recovered until June, 1866." But this language plainly shows, that the very point of the decision was, that no right of action could arise upon the judgment itself, but upon the debt alone, on which the judgment was founded, and as to this, it is, as we have already seen from other parts of the opinion, expressly declared, that the judgment was, as against the trustees, evidence, neither conclusive nor *prima facie*, of the existence of a debt due from the corporation, for the payment of which they could be charged.

Upon this point, it is further said in argument, that it is reduced to a question of evidence, and that the rules of evidence, enforced in the courts of a State do not necessarily govern courts of the United States, although sitting in the same State. However this may be in other cases, or where the laws of the United States prescribe rules of evidence for their own tribunals, it is not true that the courts of the United States, in a special statutory proceeding, would give to a judgment of a State court any other or greater effect, either as a matter of evidence, or as ground of action, than must be lawfully given to it in the courts of the State, whose laws are invoked to enforce it.

It is, however, further urged upon us in argument that in cases like the present, which is shown by the record and admitted to be founded on an action on the case for a tort, the judgment against the corporation must be evidence of the debt *ex necessitate*. On this head the language of counsel in their printed argument is as follows :

"The action was for trespass on the case, for a tort (entering upon and taking oils from the lands of the plaintiff), which was unliquidated except by the verdict which possibly contained an allowance in the nature of punitive damages. It was impossible of exact computation, containing allowances for costs provable in no other way. It would be absurd, unreasonable, and productive of uncertainty and confusion, to require the submission to another jury of the facts which led to this verdict, for if they found a less amount it is palpable that a *part* only of the debt of the company would be recovered against these defendants, who are liable for *all* the debts of the company. If they gave a larger verdict these defendants would be the first to complain. Under the statute they are severally as well as jointly liable. Each one could be sued apart from the others, and if one trustee is sued alone all the trustees shall contribute a ratable share of the amount paid on such judgment. If in each suit against each trustee the whole evidence of the original claim had to be gone into and separate verdicts rendered, which might be for very dissimilar amounts, the contribution would become a matter more involved than the original claim. As the theory on which the judgment is made conclusive is, that, as the parties to it have had their day in court and have exhausted their proofs, they are thereby estopped from denying its validity."

But if this proves anything it proves too much, and instead of showing the thing to be proved that the judgment is conclusive evidence of a debt, it establishes, on the contrary, that a liability on the part of the corporation for a tort, though afterwards reduced to judgment against it, is not a debt of the corporation, even when in judgment, within the meaning of the statute imposing upon the trustees the penalty sought to be enforced in this action for not making and publishing an annual report showing, among other things, the amount of its existing debts. For, keeping in view the statement now urged by counsel, of the impossibility, in advance of liquidation by the verdict of a jury, of even approximately, much less accurately, stating the amount of such a liability, can it be supposed that the duty to do so is devolved upon the trustees, within either

the letter or spirit of this statute, under penalty of becoming personally liable to pay whatever judgment may be thereafter rendered on account thereof against the corporation? Surely not. Such claims are not within the contemplation of the act. The mischief to be prevented by its requirements has no relation to liabilities of that description. The creditors to be protected are those only who become such by voluntary transactions, in reference to which, for their benefit, the information becomes important as to the debts of the company.

The precise point does not appear to have arisen under this act, so as to have become the subject of a decision by the New York Court of Appeals. But it seems to be virtually decided in *Heacock* v. *Sherman*, 14 Wend. 58. That was an action on the case for the recovery of damages against the stockholders of a corporation, occasioned by not keeping in repair a bridge, the liability arising, as it was alleged, upon the eighth section of the act incorporating the Buffalo Hydraulic Association (Stat. of 1827, N. Y., p. 45), which was as follows:

" That the stockholders of the said corporation shall be holden jointly and severally to the nominal amount of their stock for the payment of all debts contracted by the said corporation or by their agents ; and any person or persons, having any demand against the said corporation, may sue any stockholder or stockholders in any court having cognizance thereof, and 1 cover the same with costs ; provided that no stockholder shall be obliged to pay more in the whole than the amount of the stock he may hold in the said company at the time the debt accrued." Mr. Justice Nelson, delivering the opinion of the court, said : " The term demand is undoubtedly broad enough, if it stood alone, to embrace the claim of the plaintiff. . . . We must, however, look at the whole section and the connection in which it stands, in order to fix its meaning in this case. The stockholders, in the first place, are made jointly and severally holden for the payment of all debts contracted by the corporation or by their agents. The liability is here declared ; it is new and unknown to the common law and is in terms limited to demands *ex contractu*. The residue of the section was not intended to extend the liability thus declared, but is in

furtherance of the remedy. . . . . But the proviso to the section is conclusive upon the point. Any person having a demand against the corporation is authorized to sue any stockholder in any court, &c., ' provided that no stockholder shall be obliged to pay more in the whole than the amount of the stock he may hold in said company at the time the debt accrued ; ' thereby clearly qualifying the enlarged meaning of the word demand, and showing satisfactorily that it was used by the legislature to denote a demand arising upon contract. Damage arising upon tort is not a debt accrued, within any reasonable construction of that term. It is apparent, as well from a view of the whole section as from an analysis of its parts, that the intent of the framers of it was only to make the stockholders individually responsible for the debts of the company."

This reasoning and conclusion, as applied to the present case, is not weakened, but rather strengthened, by the language cited and relied on by counsel in support of his proposition, from the opinion of Mr. Justice Story in *Carver v. The Braintree Manufacturing Co.*, 2 Story, 432, 448, construing a Massachusetts statute enacting that " every person who shall become a member of any manufacturing corporation shall be liable in his individual capacity for all debts contracted during the time of his continuing a member of such corporation." · He there admits that debts, in the strict sense of the term, include only contracts of the party for the payment of money and nothing else; but, feeling required to construe the statute broadly as a remedial statute, he gave to the word " debts " a meaning, not unusual, as equivalent " to dues," and to the word " contracted," a meaning, which, though more remote, he said, was still legitimate as equivalent to "incurred," so that the phrase " debts contracted," in that sense, would be equivalent to " dues owing " or " liabilities incurred ; " and would therefore cover unliquidated claims arising from torts.

But, as we have already seen, the statute involved in this discussion is not a remedial statute, to be broadly and liberally construed; but is a penal statute with provisions of a highly rigorous nature, to be construed most favorably for those sought to be charged under it, and with strictness against their

alleged liability. Under such a rule of construction its language is limited, by its own terms, to a liability, on the part of the trustees, to debts of the corporation existing and arising *ex contractu.*

It is finally insisted that a judgment against the corporation, although founded upon a tort, becomes *ipso facto* a debt by contract, being a contract of record, or a specialty in the nature of a contract.

But we have already seen that the settled course of decision in the New York Court of Appeals rejects the judgment against the corporation as either evidence or ground of liability against the trustees, and founds the latter upon the obligation of the corporation on which the judgment itself rests. And it was decided by this court, in the case of *Louisiana* v. *New Orleans,* 109 U. S. 285, that a liability for a tort, created by statute, although reduced to judgment by a recovery for the damages suffered, did not thereby become a debt by contract, in the sense of the Constitution of the United States, forbidding State legislation impairing its obligation, for the reason that "the term ' contract ' is used in the Constitution in its ordinary sense as signifying the agreement of two or more minds, for considerations proceeding from one to the other, to do or not to do certain acts. Mutual assent to its terms is of its very essence."

The same definition applies in the present instance, and excludes the liability of the defendants, as trustees of the corporation, for its torts, although reduced to judgment.

We find no error in the judgment of the Circuit Court, and it is accordingly                                        *Affirmed.*