INTERNATIONAL BANK OF ST. LOUIS v. FABER.

(Circuit Court, E. D. New York. April 5, 1897.)

1. JURISDICTION OF FEDERAL COURTS — ACTION TO CHARGE STOCKHOLDERS IN CORPORATIONS.

An action against a director of a corporation, to charge him with liability, under section 30 of the New York stock corporation law, is a civil action, of which the federal courts have jurisdiction concurrent with the state courts.

2. CORPORATIONS—REPORTS TO STATE OFFICERS—JURAT.

When the report filed by a corporation pursuant to section 30 of the New York stock corporation law is signed by the proper officers, and the jurat shows that it was verified by their oath, the fact that the jurat itself is not signed by them does not render the report defective.

3. SAME—SIGNATURES.

When there is a vacancy in the offices of secretary and treasurer of a corporation, in consequence of the resignation of the officers, a report signed by the president and a majority of the directors, and verified by the president alone, is a sufficient compliance with section 30 of the New York stock corporation law, requiring the filing of a report signed by a majority of the directors, and verified by the oath of the president or the vice president and treasurer or secretary.

Robert D. Murray, for plaintiff.

Ferdinand A. Thomson and Benjamin F. Tracy, for defendant.

WHEELER, District Judge. The laws of New York have since 1848 required the officers of manufacturing corporations to file reports of their financial condition with the secretary of state and county clerk. The F. J. Falkenberg Company was such a corporation, organized under these laws, with F. J. Falkenberg president, and the defendant a director, secretary, and treasurer. On January 14, 1892, the law in this respect was amended so as to read:

"Sec. 30. Annual Report. Every stock corporation, except moneyed and railroad corporations, shall annually, during the month of January, or if doing business without the United States, before the first day of May, make a report as of the first day of January, which shall state: (1) The amount of its capital stock, and the proportion actually paid in. (2) In general terms the nature of its existing assets and debts. (3) The amount of its debts, or an amount which they shall not exceed. (4) The amount of its assets, or an amount which its assets shall at least equal. (5) The names of its then stockholders. Such report shall be signed by a majority of its directors, and verified by the oath of the president or the vice president and treasurer or secretary and filed, in the office of the secretary of state, and in the office of the county clerk of the county where its principal business office may be located. If such report is not so made and filed, all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made."

In October, 1891, the defendant orally, and in writing delivered to the president, resigned as secretary and treasurer, and ceased to act as such. On January 29, 1892, reports signed by the president, as such, only, and a majority of the directors, containing the required information, were filed with the secretary of state and the county clerk, and no others were made for that month or year. On December 16, 1892, this company made one note of $2,500; on January 12th, 16th, and 20th, three of $2,000 each; and on January 14th one of

$1,000,—all due in four months, and all of which were immediately discounted by the plaintiff for the benefit of the company, which had the proceeds. On January 31, 1893, reports were made and filed as required by the law. The notes have not been paid, except $611.27 on the first, and the corporation has been dissolved on proceedings in a state court, in which suits against it were enjoined. This suit is brought upon this statute.

The point is made for the defendant that this statute is so penal that an action upon it can be brought only in the state courts, and that, therefore, this court has no jurisdiction of this suit. But these debts were contracted during the default, if there was such, when the statute annexed the liability of the defendant, if made out, to that of the corporation; and the action seems, under these circumstances, to be such a civil action for the debt as that this court may have jurisdiction of it, concurrent with that of the state courts. Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224. So the merits of the case must be examined.

The jurat to one of the reports of January, 1892, was not signed by the president, but the report itself was, and the jurat showed that the report was "verified by the oath of the president." This lack of signature is relied upon as a defect in the report, but it does not seem to be a material one. Neither this statute, nor usage where the report was sworn to, seems to require such signature. The remaining defect in those reports, and the important one in the case, is that they are not verified by the oath of a secretary or treasurer. The president appears to have thought that the statute meant verification by him, or by the other officers mentioned, and that when it was by him it would be sufficient. His construction is argued now to be correct, but the statute seems rather to require verification by the secretary or treasurer in addition to that by the president or vice president,—at least, if there should be such officers. The defendant resigned, so far as by his own action he could, some time before these reports in question were made; and much longer, and so long before these debts were contracted, that his resignation cannot be supposed to have been made with any reference to either the reports or the debts. Although he was elected and accepted for a definite term, he could not be compelled to serve longer than he would, and could so resign as to avoid responsibility for the duties of the office, and leave it vacant. Briggs v. Spaulding, 141 U. S. 132, 11 Sup. Ct. 924. This vacancy was not filled till after these reports were made by the president, nor till after the time for making them had elapsed. By another provision of the same law a director may relieve himself of liability for failure to make report by filing a certificate that he had endeavored to have a report made, and giving the details required, so far as he can. This does not, however, seem to enlarge the liability provided for in the thirtieth section quoted, by making him liable for a defective report unless he so relieves himself, but gives this mode of relief if he would otherwise be legally liable. So the question remaining is whether the law required the report to be verified by a secretary or treasurer, when there was none in office. This is so far in nature a penal statute that strictness in its construction is required.

Chase v. Curtis, 113 U. S. 452, 5 Sup. Ct. 554. The law does not require performance of impossibilities. The defendant could not, after resignation, reinstate himself as secretary or treasurer, and cannot be liable for not doing that. No secretary or treasurer could verify the reports, for there was none to do it. It was verified as the law required, so far as there were officers for the law to apply to, and beyond that the law would be as well attained by the verification made as by anything further in that direction. Upon these facts, which are found, there does not appear to have been such a default as to entitle the plaintiff to recover. Judgment for defendant.