CLARKE and others vs. THE BANNER & VOLKSFREUND PRINT-ING COMPANY and another.

*October 18 — November 10, 1880.*

*Statutory action against insolvent corporation: Limitation of the jurisdiction of the circuit court as against other parties.*

1. In an action under sections 3216–3228, R. S., against an insolvent corporation (other than those specially named in section 3218), where it is not sought to hold the officers or stockholders personally liable under section 3221, the circuit court has power only to sequester the property, to appoint a receiver, and to compel the corporation to account.
2. In such an action the power conferred by the statute upon the court, in respect to any person to whom it is alleged that any transfer of property of the insolvent corporation has been made, is merely to compel such person "to testify in relation thereto." Section 3228.
3. In such an action, therefore, against an insolvent printing company, the court has no jurisdiction to add to its order appointing a receiver, an injunctional order against another printing company, made a defendant as claiming certain property and rights by assignment from such insolvent company, restraining it from publishing a newspaper under the same name or title as that previously employed by the other defendant.

APPEAL from the Circuit Court for *Milwaukee* County. The *Freie Presse Company* appealed from part of an order made in this case on motion of plaintiffs. The character of the action and the contents of that portion of the order which was appealed from, will sufficiently appear from the opinion.

For the appellant there was a brief by *Carpenter & Smiths*, and oral argument by *Winfield Smith.*

Clarke and others vs. The Banner. & Volksfreund Printing Co. and another.

For the respondent there was a brief by *Cotzhausen, Sylvester & Scheiber,* and a supplemental brief and oral argument by *Mr. Cotzhausen.*

ORTON, J.    This suit is brought by the judgment creditors of the *Banner & Volksfreund Company* against said company as an insolvent corporation, and the *Freie Presse Company,* charged, among other things, with using without right the corporate name, and with being in possession of the property, of such insolvent corporation.    The prayer is for an accounting, sequestration and distribution, the appointment of a receiver, and for an injunction restraining the *Freie Presse Company* from interfering with such corporate name, and from doing certain other things.    The only part of the order of the circuit court appealed from is that restraining the defendant the *Freie Presse Company* "from using or publishing daily or weekly newspapers under the name and title heretofore employed on the part of said insolvent corporation."

It is conceded on both sides that this suit is brought under sections 3216–3228, R. S.    This statute undertakes specifically to provide what may be done by the court in such a suit; and the power to sequester the property, to appoint a receiver, and to compel the insolvent corporation to account, is the only power conferred.

It would seem, from this limitation of general jurisdiction in such a case, that the suit should be brought against the insolvent corporation alone, except where it is sought to hold the "directors, trustees, or other officers or stockholders" personally liable under section 3221.    The only provision relating to persons "to whom it is alleged that any transfer of property or effects has been made, or in whose possession or control the same is alleged to be," is found in section 3228; and that is, that such person "may be compelled, in the discretion of the court, to testify in relation thereto, and to answer any questions touching the transfer or

possession of such property or effects." It is a sufficient objection to this proceeding, and the order appealed from, that the statute does not authorize any such proceeding or order, but, on the contrary, most clearly limits the jurisdiction of the court in such a case, as to any person or corporation to whom the property or effects of the insolvent corporation is alleged to have been transferred, or in whose possession or control it is alleged to be, to compelling such person or corporation to testify in relation thereto. The statute, then, not only *not* authorizing judgment creditors of an insolvent corporation to bring suit for the purposes and against the parties herein, but expressly authorizing, in section 3219, the receiver to be appointed in such a case, "to take charge of the property and effects of such corporation," and "*to sue for and recover . . . the property that may belong to such corporation*," the want of jurisdiction to proceed in this suit against the *Freie Presse Company* for such purpose, or for any purpose, is clearly apparent.

It is elementary, that when a statute authorizes a certain method of procedure, and the suit is brought confessedly under the statute, the statute must be pursued. This being our view of the question of jurisdiction, which is always the first to be considered and disposed of, other questions arising in the course of the proceedings, and so ably discussed by the learned counsel on both sides, need not be decided.

*By the Court.* — That part of the order of the circuit court appealed from is reversed, with costs, and the cause remanded for further proceedings according to law.