(100 N. W. 1091.).

---

MARSHALL-WELLS HARDWARE COMPANY v. NEW ERA COAL COMPANY, WILLIAM VON STEINWEHR, EDWARD E. COLE, E. Y. SARLES, SETH G. WRIGHT, F. B. MILLS, O. P. CARTER, ROBERT S. LEWIS AND HARRY RICHARDS, DEFENDANTS AND RESPONDENTS, AND SECOND NATIONAL BANK OF MINOT, APPELLANT.

Opinion filed October 19, 1904.

**Corporations — Stockholders' Liabilities Enforced Without Reducing Claim to Judgment.**

1. A creditor whose claim has not been reduced to judgment may maintain an action against an insolvent corporation on behalf of himself and all other creditors to enforce stockholders' liabilities as defined by section 2902, Rev. Codes 1899. Sections 5767-5770 authorize such an action.

**Enjoining Creditors' Action to Enforce Lien — Abuse of Discretion — Receiver.**

2. Section 5773, Rev. Codes 1899, authorizes an injunction prohibiting creditors from proceeding with actions against an insolvent corporation where a creditor has brought an action under sections 5767-5770. But it is an abuse of discretion to issue an injunction under said section against a creditor who has brought an action to foreclose a lien in his favor, when it is shown that general creditors can in no event derive any benefit from the proceeds of the property covered by the liens; and it is also an abuse of discretion to grant an injunction against the foreclosure of a lien in such a case or to restrain a pending action by a creditor against such corporation owning property without first appointing a receiver to preserve such property.

Appeal from District Court, Cass county; *C. A. Pollock,* Judge.

Action by the Marshall-Wells Hardware Company against the New Era Coal Company and others. Judgment for plaintiff, and the Second National Bank of Minot appeals..

Reversed.

*Le Sueur & Bradford,* for appellant.

A court cannot restrain proceedings begun in pursuit of a statutory right. This would place the judicial above the legislative branch of the government. High on Injunctions, section 29; Brown's Appeal, 66 Pa. St. 155.

Section 4796, Rev. Codes, having provided a remedy against the property, it was error to enjoin the use of it.

Section 5046, Rev. Codes, 1899, subdivision 1, makes a single exception to the rule, that injunction must not issue against judicial proceedings pending when the injunction suit was begun. Wilson v. Baker, 2 Pac. 253; Buell v. San Francisco Savings Union, 4 Pac. 14; Rickett v. Johnson, 8 Cal. 34; Uhlfelder v. Levy, 9 Cal. 608; Crowley v. Davis, 37 Cal. 268.

The statute of California under which the above were rendered is like that of North Dakota, and it may be regarded as settled that, except to avoid multiplicity of actions, a court cannot restrain proceedings in a court of co-ordinate jurisdiction. Injunction can only issue against a party to the cause in which it is granted. Foreman v. Healey, 11 N. D. 563, 93 N. W. 866.

The test of the right to sequestrate the property of a corporation is, that the action therefor must be begun by a judgment creditor, whose execution is returned unsatisfied. Minkler v. The United States Sheep Company, 4 N. D. 507, 62 N. W. 594; 33 L. R. A. 546.

The plaintiff asks for a receiver. It would be an abuse of discretion to issue an injunction to restrain interference with property without at the same time appointing a receiver to preserve it. It was error to enjoin without a bond and appoint a receiver upon the showing made. A receiver takes the property subject to the rights of parties having liens thereon. High on Receivers, section 138; Van Roun v. Superior Court of San Francisco, 58 Cal. 358.

In New York, under statutes similar to ours, a creditor of a corporation before judgment is not entitled to a receiver in an action for its dissolution and sequestration of its effects, upon the

ground of insolvency, suffering other creditors to obtain a prefer-
ence. Galway v. U. S. Steam Sugar Refining Co., 13 Ab. Pr.
211; High on Receivers, section 301.

Statutory lien can be enforced only by the statutory mode, if one
is provided, i. e. action, judgment and sale on execution. Equity
cannot enjoin the prosecution of an action at law to enforce a lien
of the same kind, because the holder of the latter is not made party
in a suit to foreclose another lien. Nor does the equitable doctrine
of equality among lien holders apply to such a case. Hall v.
Hinckley et al., 32 Wis. 362; High on Injunctions, section 336, 472.

*Newman, Spalding & Stambaugh,* for appellants.

The action is to enforce the liabilities accruing under sections
2877 and 2902, relating to personal liabilities of stockholders of a
corporation. The action is statutory, and is warranted by sections
5767 and 5769, Rev. Codes 1899, and the injunction issued is
governed solely by section 5773 of Rev. Codes. The action is
equitable, providing fully for the sequestration of all the property
of the insolvent corporation, and its application to the payment of
all debts, and distribution to creditors, preserving liens and their
priorities, without preference except such as are due to valid liens.
Rev. Codes, 5571, 5572, etc.; Arthur v. Willius, 46 N. W. 851.

Without statute equity can restrain all proceedings by creditors
other than those who bring the action. Pfhol v. Simpson, 74
N. Y. 137.

The statute extends the jurisdiction so that an action can be
brought in the first instance against a corporation, its stockholders,
directors and other officers. Section 5767, Rev. Codes 1899, and
section 5773 authorizes an injunction against creditors without
making them parties. Similar statutes are construed in Johnson
v. Rossie Galena Co., 9 Paige 599; Rankine, receiver, v. Elliott,
16 N. Y. 377.

In cases of this character a court of equity can restrain proceed-
ings in another court of co-ordinate jurisdiction. Erie Ry. Co. v.
Ramsey, 45 N. Y. 637; Adler v. Milwaukee Brick Co., 13 Wis. 57.

Under such statutes action may be brought without reducing
claims to judgment. Cleveland v. Marine Bank of Milwaukee, 17
Wis. 545; Ballston Spa Bank v. Marine Bank of Milwaukee, 18
Wis. 490; Pierce et al. v. Milwaukee Construction Co., 38 Wis. 253.

*Newman, Spalding & Stambaugh,* on rehearing.

The statute of this state is not identical with that of New York on the same subject. Section 5773 authorizes an injunction to restrain all proceedings by any other creditor, etc. The decision of this court makes it read "all proceedings, except those to foreclose liens upon property of the defendant corporation, by *any* other creditor, except a creditor holding such a lien." The words "all" and "any" have a well defined meaning; they are entirely unambiguous, and need no interpretation, and no interpretation is admissible. Harrington v. Smith, 28 Wis. 43; Terrance v. McDougal, 12 Ga. 530; Guest v. Updyke, 31 N. Y. Law, 552; Lake County v. Rollins, 130 U. S. 662, 32 L. Ed. 1060, 9 Sup. Ct. Rep. 651.

If words have a definite meaning, involving no absurdity nor contradiction of any other part of the instrument, such meaning must be accepted. Newell v. People, 7 N. Y. 9; Mills v. Chicago, 60 Ill. 86; Denn v. Reid, 35 U. S. 524, 10 Pet. 524, 9 L. Ed. 519; Leonard v. Wiseman, 31 Md. 204; People v. Potter, 47 N. Y. 375; Cooley Const. Law, 57; Story Const. section 400; Beardstown v. Virginia, 76 Ill. 34; United States v. Fisher, 6 U. S. 358; 2 Cranch, 358, 2 L. Ed. 304; Doggett v. Florida R. R. Co. 99 U. S. 72, 25 L. Ed. 301.

MORGAN, J. This action is brought by the plaintiff on behalf of itself and all other creditors of the New Era Coal Company, a corporation organized under the laws of this state. The plaintiff furnished the New Era Coal Company goods and merchandise, for which payment has been refused. Other claims for merchandise by other persons against this corporation, duly assigned to the plaintiff, are also included in plaintiff's cause of action. The coal company is alleged to be insolvent, and its directors and stockholders are made defendants in this action, and judgment is asked against them for these creditors' claims, pursuant to the liability imposed upon them for all debts of the corporation to the extent of the amount of unpaid stock. The plaintiff is a general creditor only, and its debt has not been reduced to judgment. The Second National Bank of Minot was also a creditor of said New Era Coal Company, and had commenced two actions upon its claims against said corporation. One of these actions was founded on a debt secured by a miner's lien, and the action was brought to foreclose such lien. All other lienholders against the defendant's property were made parties to that action. The New Era Coal Company appeared in that action. The other action against the coal company was a

money demand action. Both of these actions were pending when this action was commenced. The relief prayed for in this action is that creditors be required to exhibit their claims and become parties to this action; that all proceedings by other creditors be restrained; that the amount due plaintiff and all other creditors be ascertained; that an account be taken of the property and debts due to and from said company, and if, upon such account, it shall appear that the defendant corporation is insolvent, that the court shall proceed and ascertain the liabilities of each of the defendant stockholders; that a receiver of the property of such corporation be appointed, and such property be converted into cash, and, if the proceeds of the property be insufficient to pay the debts of said corporation, that the stockholders be adjudged to pay the same; and that the court adjudge the amount payable by each of said defendants, Wm. Von Steinwehr, E. C. Cole, E. Y. Sarles, Seth G. Wright, F. B. Mills, O. P. Carter, R. S. Lewis and Harry Richards, and that the proceeds of the corporation's property be distributed among the creditors as provided by section 5779, Rev. Codes 1899.

Before issue was joined in this action, the plaintiff procured an injunction restraining the Second National Bank of Minot from proceeding with its actions. This injunction was procured on notice, and the said bank appeared at the hearing and resisted the granting of the injunction. The injunction was based on an affidavit reciting no facts as grounds for granting the injunction except the commencement of this action on behalf of itself and all other creditors. It recited as grounds for granting the injunction the commencement of this action, and the complaint was made a part of the affidavit. It further stated that, "if said Second National Bank of Minot is permitted to prosecute to a conclusion its said actions, this court will be unable to grant the full and complete relief prayed for in the above-entitled action." The district court granted the injunction, and this appeal is from the order granting the same.

Two questions present themselves for consideration under the facts set forth: (1) Whether a plaintiff in this class of actions can maintain the same, as a general creditor, before reducing his claim to a judgment and exhausting all his legal remedies; (2) whether section 5773, Rev. Codes 1899, authorizes an injunction in such actions without a showing therefor, as required in equitable proceedings generally. Respecting the first question we are agreed that such

action will lie by a general creditor on behalf of himself and all the other creditors before his claim is reducel to judgment.    The cause of action is based upon section 2902, Rev. Codes 1899, which provides that "each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon the stock held by him," etc. This section makes the stockholders liable for the debts of the corporation to the amount of the stockholders' unpaid stock.    The stockholders' liability is not conditional nor secondary under said section. It is primary liability, and accrues as soon as the debt is contracted.    It may be enforced as a personal liability by the procedure laid down in sections 5767-5770, Rev. Codes 1899.    The action to enforce the stockholders' liability under section 2902 is an equitable action, and involves the adjustment of all creditors' rights, and the liability of the stockholders to the creditors and among themselves as stockholders.    The stockholders' liability under section 2902 is not subject to conditions nor secondary, but is an absolute liability to the extent of the unpaid stock subscriptions.    Section 5767 reads as follows: "In an action against a corporation upon a claim for which its stockholders, directors, trustees or other officers, or any of them, are liable by law in any event or contingency, one or more or all of the persons so liable may be made parties defendant by the original or by an amended or supplemental complaint, and their liability may be declared and enforced by the judgment in such action."    Section 5769 provides that "whenever any creditor of a corporation shall seek to charge the directors, trustees, or other officers or stockholders thereof on account of any liability created by law, he may commence and maintain an action for that purpose in the district court and may at his election join the corporation in such action."    Said section 5770 provides: "The court shall proceed therein as in other cases, and when necessary shall cause an account to be taken of the property and debts due to and from such corporation and appoint one or more receivers who shall possess all the powers conferred and be subject to all the obligations imposed on receivers by the provisions of section 5765; but if, upon the filing of an answer or upon the taking of such account it shall appear that the corporation is insolvent and that it has not property or effects to satisfy such creditor, the court may without appointing any receiver, proceed to ascertain the respective liabilities of such directors, trustees or other officers and stockholders and enforce

the same by its judgment as in other cases." Under these sections the action is not strictly one to sequester the property of a corporation. As the complaint is framed, some of its allegations would indicate that the action is one brought for that purpose. But the action for sequestration alone is authorized by section 5761, Rev. Codes 1899, which provides that such action is to be brought by a judgment creditor. The sections under which this action is brought are practically like the sections of the Wisconsin Code construed in Booth v. Dear et al., in 96 Wis. 516, 71 N. W. 816, and the following construction is given there: "It is quite clear that a proper construction of sections 3223 and 3224 [Rev. St. 1878] * * * does not require that the assets of the corporation shall be fully exhausted before the creditors may proceed to judgment against the stockholders. The legislative intent obviously was that the court should so administer the affairs of the corporation as to satisfy its liabilities out of its assets so far as practicable, and, upon the fact appearing that the stockholders' liability would be required in order to fully pay the corporation debts, to enforce such liability, and, if necessary, by judgment against such stockholders. It is therefore sufficient to warrant proceeding to judgment in an action of this kind that it be made to appear that the liability of the stockholder will have to be ultimately resorted to in order to fully pay the corporation debts. The facts in that regard do not go to the cause of action. Therefore it is not essential to the complaint that such facts be alleged therein. It is sufficient to allege and show that the plaintiff is a creditor of the corporation, having a debt due and payable; that he sues on behalf of himself and all other creditors of the corporation; that the defendants are stockholders liable for such indebtedness. * * * Prior judgment against the corporation in the action to enforce such liability is not necessary to exist or be pleaded, or want of assets of the corporation to meet its liabilities." See, also, Williams v. Meloy, 97 Wis. 561, 73 N. W. 40. Our conclusion is that the stockholders' liability is primary and absolute under our statutes; that its extent may be determined in an action under sections 5767 to 5770, supra; that their liability may be determined in such an action without the appointment of a receiver; and that the rights of such creditors as participated in such action by filing their claims, as well as the extent of the liability of stockholders, may be determined by the judgment in such action, and it may be done without the appoint-

ment of a receiver or with it, depending upon the facts of each case. These sections lay down a rule of procedure in actions by a creditor for himself and on behalf of other creditors, and such procedure is independent and different from the action contemplated by section 5761. Under section 5767 it is clear that the action named therein is not intended to be based upon a judgment. The action therein named is one "upon a claim." The word "claim," it is clear, cannot there be intended to be synonymous with the word "judgment." The sections, considered together, are clearly intended to contemplate a suit by a general creditor in behalf of himself and others whose claims have not been reduced to judgment. The action under these sections is different in its scope from the action authorized by section 5761, Rev. Codes 1899. In the latter action stockholders are not parties. The relief sought pertains only to the corporation as such, and no relief is obtainable against the stockholders. Clark v. Banner, 50 Wis. 416, 7 N. W. 309.

Before issue was joined an injunction was granted by the district judge pursuant to section 5773, Rev. Codes 1899, which reads as follows: "Whenever any action shall be commenced against any corporation, its directors, trustees or other officers, or its stockholders according to the provisions of this article, the court may, by injunction on the application of either party and at any stage of the proceedings, restrain all proceedings by any other creditor against the defendant in said action, and whenever it shall appear necessary or proper may order notice to be published * * * requiring all the creditors of the corporation to exhibit their claims and become parties to the action, * * * and in default thereof such creditors shall be precluded from all benefit of the judgment which shall be made in such action and from any distribution which shall be made under such judgment." It is contended that it is an abuse of discretion to grant the injunction under the facts as they existed when it was granted. The Second National Bank of Minot had commenced an action to foreclose its lien against the real property of the New Era Coal Company. It made all other lienholders parties to its suit, under section 4810, Rev. Codes 1899. It is contended that the mere institution of a suit by one creditor for the benefit of all creditors against an insolvent corporation is alone sufficient to warrant the court in issuing an injunction against the prosecution of other pending actions. The object to be gained by such injunction is to consolidate the claims of all creditors into one suit for the benefit of

all. This is done to avoid unnecessary costs, and to avoid the securing of undue advantage by one creditor over another, and to avoid the sacrifice of the corporation's property by unnecessary suits or proceedings. It might be issued as a matter of course to restrain money demand actions. In short, the action invests the court with discretion as to when this injunction will be issued. In determining when the injunctional order shall issue, the same principles, or at least analogous principles, will govern as in the granting or refusing of an injunction under the regular equitable procedure. Whether the suit to be restrained is one for money only or for foreclosing securities, whether a receiver has or will be appointed, and whether the general creditors of the corporation will be benefited by an injunction against other suits, are proper facts to be considered in determining whether such injunction shall issue or not. The action is an equitable action (Cook on Stockholders, section 204), and the question when this injunction shall issue is to be determined upon the facts, with a view to a proper equitable adjustment of all the creditors' rights as well as those of the stockholders. Said section 5773 is not mandatory, but permissive, in its terms. Under it creditors may be required to exhibit their claims and to become parties to the creditors' action. But it is not compulsory that they exhibit or file their claims. It is optional with them whether they shall exhibit their claims or not. If they refuse to exhibit or file their claims, and thus become parties to the creditors' action, they are denied any benefit in the distribution to be made by the judgment, and suffer no other penalty by not joining in the creditors' suit. If lienholders become parties to the creditors' suit, their liens are protected in the creditors' suit, and are paid in preference to unsecured creditors by the positive requirements of section 5779, Rev. Codes 1899. But whether they shall be required to exhibit their claims in the creditors' suit is also discretionary with the court. This discretion is controlled or moved by the facts as they appear on the application for the injunction under section 5773. In this case the records show that the property involved in the creditors' suit was valued at $4,000, and the liens covering it, which were also involved in that suit, amounted to about $7,000. It is therefore obvious that general creditors could gain nothing by attempting to have the property covered by this lien distributed in the creditors' suit, as the proceeds must be distributed to the lienholders to the amount of their liens before payment of the creditors in general.

If these lienholders chose to not join in the creditors' suit, they should be allowed to enforce their liens by their own suit, and, under the circumstances, it was an abuse of discretion to compel them to join in the creditors' suit. In this case no receiver has been appointed. To enjoin a suit by a secured creditor for the enforcement of his lien is an abuse of discretion unless a receiver has been appointed to preserve the property; and this is true of a mere money demand action, where the corporation has property out of which payment may be exacted by the creditor through such suit. The secured creditor and the general creditor also are each entitled to the property of the corporation preserved intact by a receiver for the satisfaction of their claims. In case a receiver has been appointed, a different question would arise, so far as discretion in granting an injunction is concerned. In a case where the general creditors would have an equity in the corporation's property after the liens were satisfied, a different conclusion might follow, and such an injunction be properly granted, in case a receiver had been appointed. All such matters are for decision by the court on the application for the injunction. We hold that section 5773 vests a discretion in the court in granting or refusing the injunction. A showing of strictly equitable grounds for an injunction is not necessarily to be made, nor an undertaking necessarily required, in every case. In the present case the district court abused the discretion vested in it by granting the injunction when no benefit could follow to the general creditors, and also because no receiver had been appointed to protect the property, and to keep it for the benefit of the secured creditors first, and then for the equal benefit of all unsecured creditors. Section 5773 must be construed in reference to the objects intended to be gained by its enactment, in connection with the other section quoted—that of distributing the corporation's property according to the rights of all the parties concerned. To construe it as arbitrarily authorizing an injunction whenever such an action as this is commenced would render it in this and many other cases an instrument of injustice. The construction given to it by us does its language no violence, and is in accordance with its spirit and purpose.

So far as the trial court restrained the suit to foreclose the lien its action was erroneous, and must be reversed. As to the injunction against the suit for a money judgment, it is affirmed, it not appearing that the corporation has any property except that covered

by the liens embraced in the foreclosure suit. The appellant will recover its costs and disbursements in both courts. All concur.