### CLINTON MINING & MINERAL CO. v. BEACOM.*

(District Court, W. D. Pennsylvania. January 30, 1920.)

No. 1899.

**1. Words and phrases—"Debt."**

The word "debt," in common intent and as used in the commercial affairs of the world, means an obligation to pay a sum of money, either fixed or readily calculable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

**2. Corporations ⊚═239—Stockholders not liable for judgment against corporation for tort.**

Under Civ. Code S. D. § 441, providing that each stockholder of a corporation shall be individually liable "for the debts of the corporation to the extent of the amount that is unpaid upon stock held by him," the test of a stockholder's liability for a claim against the corporation is the nature or character of the original obligation, and a claim for damages sounding in tort is not converted into a "debt," within the meaning of the statute, by recovery of a judgment thereon against the corporation.

**3. Corporations ⊚═237—Stockholder liable only on debt for which he is liable by statute.**

In an action to enforce against a stockholder a judgment against the corporation, defendant is entitled to look behind the judgment to ascertain the nature of the claim on which it rests, and if he is not liable on such claim under the statute, the judgment is not admissible or enforceable against him.

At Law. Action by the Clinton Mining & Mineral Company against J. S. Beacom. On motion by plaintiff to take off compulsory nonsuit. Denied.

See, also, Clinton Mining & Mineral Co. v. Cochran, 247 Fed. 249, 159 C. C. A. 503; Same v. Jamieson, 256 Fed. 577, 167 C. C. A. 607.

A. O. Fording, of Pittsburgh, Pa., for plaintiff.

Sterling, Higbee & Mathews, of Uniontown, Pa., for defendant.

THOMSON, District Judge. This is a motion to take off a judgment of compulsory nonsuit. The plaintiff, a corporation of the state of Iowa, recovered a judgment in an action of tort against the Imperial Gold Mining & Milling Company, a corporation of the state of South Dakota. The judgment being unpaid, the plaintiff brought this action against the defendant as a stockholder of the Imperial Company, to recover for an alleged balance unpaid upon his stock.

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Judgment affirmed 266 Fed. —.

The action is brought under section 441 of the Civil Code of South Dakota, which is as follows:

"Each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon the stock held by him. Any creditor of the corporation may institute joint or several actions against any of its stockholders that have not fully paid the capital stock held by them, and in such action the court must ascertain the amount that is unpaid upon the stock held by each stockholder and for which he is liable, and several judgment must be rendered against each in conformity therewith. The liability of each stockholder is determined by the amount unpaid upon the stock or shares owned by him at the time such action commenced, and such liability is not released by any subsequent transfer of stock. And in no other case shall the stockholders be individually and personally liable for the debts of the corporation."

The capital stock of 1,000,000 shares, of the par value of $1 per share, was, by corporate action, paid by the transfer to the company of five mining claims covering 35 acres of land, of the estimated value of $1,000,000. The whole of the capital stock being issued to one Elder, the latter transferred to the company 750,000 shares as treasury stock. Of this latter stock, the defendant acquired by purchase 83,-500 shares, and 20,000 shares as bonus stock transferred to him by the company on his purchase of a like amount of the company's bonds. On the theory that the defendant's stock was not full-paid, this action was brought against him, founded on the judgment which plaintiff had recovered against the company. Plaintiff offered evidence tending to establish a great disparity between the value of the property transferred to the company and the capital stock issued in consideration of the transfer. At the close of the testimony, the defendant assigned the following reasons in support of its motion for a nonsuit:

"First, that the claim of the plaintiff is not a debt, within the meaning of the statute of South Dakota; second, the statute of South Dakota does not apply to stock of a corporation, paid for by property thereof as full-paid and nonassessable, but is limited in its operation and effect to that class of stock for which payment has not been fully made according to the terms of the subscription contract; third, the claim of the plaintiff is barred by the statute of limitations; fourth, the evidence is insufficient to show any liability on the part of the defendant as a holder of full-paid and nonassessable stock of the corporation."

The first reason raises the vital question whether the plaintiff's claim, based on its judgment, is a "debt" of the corporation within the meaning of the South Dakota statute. As this question lies at the threshold of the case, and as there can ultimately be no recovery unless it is answered in the plaintiff's favor, I base my decision on the motion for nonsuit on a consideration of that question alone.

[1, 2] The word "debt" in common intent, and as used in the commercial affairs of the world, is an obligation to pay a sum of money, either fixed or readily calculable. It is very frankly admitted by plaintiff's counsel that an unliquidated claim for damages sounding in tort is not a debt within the meaning of the statute. On the other hand under the authorities, there can be little question that a judgment is a debt, and that a claim for damages arising on a tort, when sanc-

tioned by a judgment, becomes a debt of record. From this plaintiff's counsel proceeds to the conclusion that, because the judgment is a "debt" of the corporation, therefore he has brought his case within the purview of the Dakota statute. Just here is the parting of the ways. A careful consideration of the authorities arising under statutes of the same general character has convinced me that, as against the stockholder or individual sought to be charged, the nature or character of the original obligation, and not the judgment based upon it, is the real test of the individual's liability. If not liable for the original obligation, no liability can be created against him by judgment against the corporation. Keeping this principle in view, I think the apparent conflict in the decisions of the appellate courts will disappear, and the cases be found to be in harmony. In Chase v. Curtis, 113 U. S. 452, 5 Sup. Ct. 554, 28 L. Ed. 1038, under section 12 of a New York statute (Laws 1848, c. 40), the trustees of manufacturing and certain other companies were required to make certain reports as to capital stock, debts, etc., and then provided:

"If any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company, then existing, and for all that shall be contracted before such report shall be made."

The plaintiff, in a claim for a tort, recovered judgment against the company, and then brought action thereon against the trustees to recover the amount of the judgment. The complaint being dismissed on demurrer, an appeal was taken to the Supreme Court. The Supreme Court, while holding that the section under which the action was brought, being penal in its character, must be strictly construed, decided (1) that under the language of the statute the liability of the trustees is limited to debts of the company existing and arising ex contractu; (2) that the settled course of decision in the New York Court of Appeals rejects the judgment against the corporation as either evidence or ground of liability against the trustees, and founds the liability on the obligation of the corporation on which the judgment rests; (3) that no liability against the defendant was created for the tort of the company, although reduced to judgment.

The court in its opinion refers to the case of Miller v. White, 50 N. Y. 137, being an action brought under the same section upon a judgment obtained against the company, where it was held that the judgment was not competent as evidence of any debt due from the corporation, and that no action could be maintained thereon against the trustees. The court also cites the case of Whitney Arms Co. v. Barlow, 63 N. Y. 62, 20 Am. Rep. 504, to the same effect, where it was said:

"The debt must be proved by evidence competent against the defendants. The facts upon which the debt is founded must be proved. The naked admissions of the corporation or judgment against the corporation are not evidence against the trustees."

In the opinion the court also recognizes and points out the distinction between an action under section 12 against the trustees, and an action against a stockholder under section 10. This latter section

makes the stockholders individually liable to the creditors of such company "for all debts" and liabilities of "such company until the whole amount of the capital stock" so held by him "shall have been paid" to the company. This section is not penal, the liability is ex contractu, and should be construed liberally in furtherance of the remedy, and the judgment is evidence against the stockholder to establish the right of the plaintiff to succeed to the rights of the corporation.

[3] A careful examination of this and all New York cases cited in the opinion will show that the individual, whether trustee or stockholder, has a right to look behind the judgment to ascertain the nature of the obligation upon which the judgment rests; and, if he finds that for such obligation he is not liable under the statute, the judgment thereon is not enforceable against him. But, if liable for the original obligation, the judgment thereon against the company is at least prima facie evidence against him.

In Hancock National Bank v. Farnum, 176 U. S. 640, 20 Sup. Ct. 506, 44 L. Ed. 619, it was held that a judgment on a claim ex contractu against a corporation, was binding on a stockholder in a suit against him, under the Constitution of the state of Kansas, which provides (article 12, § 2):

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder."

But the true distinction, above pointed out, appears in the case of Ward v. Joslin, 186 U. S. 142, 22 Sup. Ct. 807, 46 L. Ed. 1093, arising under the same section of the Kansas Constitution. Here it was held that, where a judgment has been rendered against a corporation of that state by default, on contracts which the corporation had no power to make, while the judgment is binding on the corporation, it is not binding on the stockholder, and that it was not error to permit him to go behind the judgment so far as to show that it was not enforceable against him, when rendered against the corporation on a contract beyond its power to make.

In Whitman v. Oxford National Bank, 176 U. S. 559, 20 Sup. Ct. 477, 44 L. Ed. 587, an action to enforce a claim against a stockholder under the section of the Kansas Constitution heretofore referred to, the Supreme Court held:

"The liability which by the Constitution and statutes is thus declared to rest upon the stockholder, though statutory in its origin, is contractual in its nature."

That is, while the liability is created by statute, it rests upon the contract of subscription to the capital stock, and the individual liability stands as a sort of surety for the corporate liability; creditors of the company being supposed to contract with reference to this individual responsibility.

Bohn v. Brown, 33 Mich. 258: In Michigan, by statute, the stockholders of every corporation were made jointly and severally liable in their individual capacity for the debts of the company, to the amount of any unpaid stock held by them at the time such debt was

contracted and suit brought thereon. Action was brought against the company for damages occasioned by injuries to a passenger on the defendant's railroad. Judgment was recovered, and suit brought thereon against the stockholder. It was held that the plaintiff could not recover, the Supreme Court basing its ruling on two propositions: First, under the statute, a cause of action against the stockholder is identical with that against the company, and the statute assumes the existence of a cause of action against the stockholder prior to judgment against the company. Second, that although the company was guilty of a breach of contract in failure to carry safely, for which breach assumpsit might have been brought, yet the plaintiff's claim in judgment was not intrinsically a "debt contracted" by the company. In other words, the stockholder was permitted to look behind the judgment, to determine whether the obligation on which the judgment rested was one binding upon it.

In the case of Marshall Wells Hardware Co. v. New Era Coal Co., 13 N. D. 396, 100 N. W. 1084, the Supreme Court of North Dakota held, interpreting a statute of that state identical with that in the case at bar, that the stockholder's liability is primary and absolute, and that suit can be brought thereon before reducing his claim to judgment against the company.

Reading the statute in the light of the authorities, it seems clear that the plaintiff must fail in its action. Defendant clearly has the right to look behind the judgment to see the nature of the claim. On doing so, we find a claim for damages sounding in tort, which is not a debt of the corporation, for which he could not be sued, and for which there is no existing liability. As against the defendant, no virtue is infused into this claim by putting it in judgment against the corporation.

The motion to take off the nonsuit is therefore overruled.