STATE OF NORTH DAKOTA, Plaintiff and Respondent, v. MOVIUS LAND & LOAN COMPANY, a Corporation, Defendant, JOHN P. REEDER, Trustee of Laura B. Saunders, Appellant.

(207 N. W. 492.)

**Motions — if all parties acquiesce in informalities in making and entering order, court having jurisdiction of subject-matter and parties, collateral attack on order cannot be made.**

1. Where a court has jurisdiction of the subject matter of an action and of the parties thereto, informalities in the making and entering of an order pertaining to the action, all the parties thereto acquiescing therein, do not render the order vulnerable to collateral attack.

**Motions — shortening statutory time of notice for motion held not abuse of discretion.**

2. Under § 7947, Comp. Laws 1913, providing that, "When notice of motion is necessary it must be served eight days before the time appointed for the hearing, but the court or judge may by order to show cause prescribe a shorter time," and district court rule of practice No. 5, providing, "Orders to show cause will ordinarily not be granted where a motion will equally suffice," discretion is vested in the court to shorten the statutory time of notice of motion,

and when it appears to the court that good cause exists therefor, the time may be shortened and the motion brought on by order to show cause. *Held*, for reasons stated in the opinion, that in the instant case no abuse of discretion in that regard is shown.

**Corporations — in suit to dissolve insolvent corporation, court may restrain proceedings by any other creditor against defendant; restraining creditor from suing corporation which was being sued for dissolution held not abuse of discretion.**

3. In an action for the dissolution of an insolvent corporation under the provisions of article 3 of chapter 27 of the Code of Civil Procedure (§§ 7989–8002 inclusive), Comp. Laws 1913, the court may, under § 8001 of said article, restrain all proceedings by any other creditor against the defendant in such action. Under this section the action invests the court with discretion as to whether and when such an injunction shall be issued, and its issuance is not subject to the same requirements as the ordinary restraining order. *Held*, for reasons stated in the opinion, that in the instant case no abuse of discretion in that regard is shown.


**Error — record must show.**

4. A party asserting error must show it affirmatively on the record.


Opinion filed January 25, 1926. Rehearing denied February 15, 1926.


Appeal and Error, 4 C. J. § 2662 p. 732 n. 85, 86. Corporations, 14a C. J. § 3904 p. 1206 n. 38. Motions, 28 Cyc. p. 10 n. 69. Orders, 29 Cyc. p. 1521 n. 72.

Appeal from the District Court of Richland County, *Wolfe, J.* Affirmed.

*W. E. Purcell* and *Forbes, Lounsberry & Forbes,* for appellant.

"A stranger to an action can take no part therein, except to intervene or to make an application to become a party thereto." Hunt v. Hoerr, 80 N. W. 1120.

"A receiver by his appointment does not become a litigant to the action, but he is an officer and representative of the court appointing him." 34 Cyc. 236.

"Often the court is empowered to shorten the notice in special cases. This is usually done by granting an order to show cause. . . . But a short notice should be allowed only in special and exceptional cases." 14 Enc. Pl. & Pr. 143.

"A court has no more power, until its action is called into exercise

53 N. Dak.—42.

by some sort of pleading, to render a judgment in favor of a party than it has to render a judgment against him. . . ." Sache v. Gillette, 112 N. W. 386; Banking House v. Dukes, 97 N. W. 805.

"The court may order nunc pro tunc entries, as they are called, made to supply some omission in the entry of what was done at the preceding term, yet this is a power the extent of which is limited and not easily defined." Smith v. District Ct. 109 N. W. 1085.

"If the court is without jurisdiction to appoint a receiver, the order is void and may be attacked or disregarded whenever it comes collaterally in question." 34 Cyc. 168.

*Schneller, Heder & Schneller,* for respondent.

"The property being in the custody of the court, the court will not allow any interference with the property in the hands of its receiver." Gluck & B. Receivers, ¶¶ 30–32; Judd v. Bankers etc. Co. 31 Fed. 183; Beach, Receivers, ¶ 15; Young v. Montgomery etc. Co. 2 Woods, C. C. 606; Jennings v. Carson, 4 Cranch, 2, 2 L. ed. 531; Tefft v. Sternberg, 40 Fed. 2; The Robert Fulton, 1 Paine, C. C. 620; Keating v. Spink, 3 Ohio St. 105, 62 Am. Dec. 214.

"The court will protect its own jurisdiction and prevent interference with its possessions in the hands of its receiver by injunction." 1 High, Inj. ¶ 108; Ackerly v. Vilas, 15 Wis. 401; Home Ins. Co. v. Howell, 24 N. J. Eq. 238; Vermont & C. R. Co. v. Vermont Cen. etc. Co. 23 Blatchf. 433.

"A receiver may apply by motion or petition in the receivership suit, for an injunction against the prosecution of actions against the property that can only be brought by leave of the court appointing him, or against other acts of interfering with his possessions." Mulcahey v. Strauss, 151 Ill. 70; Atty. Gen. v. Guardian Mut. L. Ins. Co. 77 N. Y. 272; Wilkinson v. North River Cons. Co. 66 How. Pr. 423; Vermont etc. R. Co. v. Vermont C. R. Co. 46 Vt. 792.

"Equitable interests in the estate of an insolvent debtor vest in the receiver by his appointment as a trust fund for the equal benefit of the creditors of the estate." 34 Cyc. 188; Re Hamilton, 26 Or. 579, 38 Pac. 1088; Tillinghast v. Champlin, 4 R. I. 173, 67 Am. Dec. 510.

"The title to property transferred by a judgment debtor in fraud of creditors is good as against the receiver until he has caused the transfer to be set aside by a degree in equity. Until then he has an

equitable right, but no title." 23 R. C. L. p. 54, ¶ 58; Ward v. Petrie, 157 N. Y. 301, 51 N. E. 1002, 68 Am. St. Rep. 790.

"The inherent jurisdiction of a court of equity to appoint receivers of corporations, in proper cases, independently of statutory authorization has been frequently recognized." 4 Pom. Eq. Jur. 4th ed. ¶ 1537, p. 3609.

"When the receiver appointed under a valid judgment (although the court in making such judgment may have erred) sues to recover assets of the corporation and defendants seek to assail the judgment, it is a collateral attack and one the law will not tolerate." Jones v. Blun, 145 N. Y. 333, 39 N. E. 954.

Nuessle, J. This appeal is from an order of the district court of Richland county restraining John P. Reeder, trustee of Laura B. Saunders, and the sheriff of Sargent county from proceeding with a sale under execution of certain real property in Sargent county, North Dakota, until the further order of the court.

Looming indistinctly out of the fog of the record presented on this appeal, the salient matters are, so far as we are able to discern them, as follows: The Movius Land and Loan Company is a domestic corporation whose principal place of business was at Lidgerwood, North Dakota. It was engaged chiefly in the land and loan business. The capital stock was, in 1923, $250,000. It owned under contract, or otherwise, a great deal of real estate. It owed many obligations which were past due. In 1923, a stockholders' meeting was called and held, whereat action was taken looking toward a reduction of the capital stock from $250,000 to $130,000. It was determined that this reduction should be brought about by exchanging certain real estate owned by the corporation for stock thereof. Pursuant to this arrangement various of the stockholders surrendered stock held by them and accepted in exchange therefor lands owned by the corporation. At the time this was done the par value of the shares of stock was $100. At the meeting above referred to all of the stockholders were present or represented, excepting the holders of one hundred and thirteen shares. A. L. Parsons, later appointed receiver of the corporation, then owned five shares and was an officer and director. He was present at such meeting and participated therein.

The corporation was in financial difficulties. Many of the lands that it held fee title to were encumbered; it was unable to make payments on other lands which it held under contract; it had other outstanding obligations which it was unable to discharge. On August 19, 1924, an action was begun in the District Court of Richland County entitled, "Louis Brenna, and all other creditors of the defendant herein named, v. Movius Land and Loan Company, a corporation." The complaint in this action set out that the Movius Land and Loan Company was a corporation possessed of much property and owing many debts; that it was indebted to plaintiff Brenna in a large amount; that such indebtedness was past due, and that the defendant had failed and refused to pay and discharge the same; that it was then and for more than one year last past had been insolvent; that its creditors were threatening to bring suits and attach its property; that unless a receiver was appointed for the property and assets of the defendant, such property and assets would be dissipated and lost to its creditors; that the action was brought by the plaintiff Brenna in behalf of himself and all other creditors. The plaintiff prayed judgment on account of the indebtedness; that the court appoint a receiver to liquidate and dispose of the assets of the defendant corporation and to distribute the proceeds thereof among the creditors of the defendant under the direction of the court; that the corporate rights, privileges, and franchises of the defendant be forfeited, the affairs of the corporation liquidated, and the corporation be dissolved and terminated; that the plaintiff have such other and further relief as might seem just and equitable. The summons and complaint were served upon the defendant corporation. Thereafter, an application for the appointment of a receiver was made to the court based upon the complaint and upon affidavit of counsel for the plaintiff in such action, and the defendant appearing but offering no resistance, the district court of Richland county on August 21, 1924, appointed A. L. Parsons as receiver. Parsons qualified as receiver and entered into the performance of the duties devolving upon him as such receiver. On September 18th, Parsons, as such receiver, made application to the court under the provisions of § 8001, Comp. Laws 1913, for an order restraining all proceedings by other creditors against the corporation and directing that notice be published requiring all such creditors to exhibit their claims and become parties to the action

or be precluded from all benefit of any judgment that might be made and from any distribution thereunder. On the same day the court made its order as thus prayed and Parsons published notice accordingly pursuant to the requirements of the order.

On October 6, 1924, the attorney general of the state of North Dakota petitioned the court that the State of North Dakota be substituted as plaintiff in the place of Louis Brenna, prayed that the action as begun be continued, and consented to the appointment of Parsons as receiver. At the same time the Movius Land and Loan Company, by its president and secretary, expressly waived any objection to the consideration and granting of the petition of the Attorney General and joined in the prayer thereof. Parsons did likewise. However, no formal order was entered by the court. On December 17, 1924, the attorney general of the state of North Dakota, again appearing for the state of North Dakota, asked leave of the court to file a complaint in intervention. On December 20, leave was granted by the court and a complaint in intervention was filed. In this complaint the attorney general alleged the insolvency of the corporation for more than one year prior to the 19th of August, 1924; that the matters and things set out in the complaint in the case of Brenna v. Movius Land and Loan Company were true, and made reference to, and adopted the allegations therein contained, and prayed that all proceedings theretofore had in the Brenna action prior to the intervention of the state be ratified and approved; that the state be substituted as plaintiff and that Parsons be reappointed by the court, or that his appointment theretofore made be confirmed, and that all orders of the court and proceedings had be deemed to have the same force and effect as though the action had been originally instituted by the state of North Dakota on the relation of the Attorney General; that the corporation's rights, privileges, and franchises be terminated. At the same time, Parsons, as receiver, appeared and joined in the prayer of the intervenor's complaint, as did counsel for the plaintiff in the case of Brenna v. Movius Land and Loan Company. The Movius Land and Loan Company, by its president and secretary, did likewise. The court, however, entered no formal order in the matter. But thereafter, at various times and for various reasons and purposes, Parsons as receiver, made applica-

tion for numerous orders, which were, upon such showings as were made, granted by the court.

On August 13, 1924, John P. Reeder, trustee of Laura B Saunders, began an action in contract against the Movius Land and Loan Company. The venue of this action was placed in Sargent county. Thereafter such proceedings were had that on October 1st, 1924, the district court of Sargent county ordered a judgment thereunder against the Movius Land and Loan Company for something over $9,000. Judgment was entered in accordance with this order. The plaintiff then procured the issuance of an execution on such judgment and placed the same in the hands of the sheriff of Sargent county. Pursuant thereto, and under the direction of the plaintiff therein, such sheriff proceeded to levy upon and sell certain real property in Sargent county which had belonged to the Movius Land and Loan Company and which, under the arrangement authorized at the stockholders' meeting of December, 1923, had been transferred by the Movius Land and Loan Company to certain of its stockholders in exchange for stock held by them. This sale on execution was advertised to be held on April 18th, 1925.

On February 20, 1925, one Ermine Kilby, a stockholder of the Movius Land and Loan Company, began an action in the district court of Richland county against the Movius Land and Loan Company, A. L. Parsons as receiver, and various of the stockholders and directors thereof, praying for an accounting and other relief. To this complaint the various named defendants interposed demurrers. So far as the record shows this matter has not yet been passed upon by the trial court.

On February 5, 1925, Louis Brenna named as plaintiff in the action begun on August 19, 1924, served notice of an application and motion to be heard on February 17, 1925, wherein he prayed for an order dismissing the action and vacating and setting aside the order of August 28th, (21st) 1924, appointing Parsons as receiver, and in case that said action be not dismissed that Parsons be discharged and removed from his office of receiver. The grounds of his motion were that the action was begun without the knowledge, consent, or authority of the plaintiff; that it was collusive and fraudulent; that there was

a defect of parties plaintiff in that it was not brought by the attorney general in the name of the state of North Dakota; that Parsons was not a fit and proper person to be and act as receiver. The motion was resisted by Parsons as receiver and by the officers of the corporation. Thereafter by stipulation, the hearing thereon was continued until April 3d when it came on to be heard. An extensive showing was made on both sides. The court after consideration, on April 4th, 1925, denied the motion, with leave, however, to Brenna to withdraw as party plaintiff, and ordered that the action be continued in the name of the state of North Dakota and such other creditors as might apply to be substituted as parties plaintiff.

On April 4, 1925, the district court of Richland county issued an order to show cause returnable on April 10, 1925, directed to John P. Reeder, trustee of Laura B. Saunders, and to the sheriff of Sargent county, whereby they were required to show cause why they should not be restrained and enjoined from proceeding with the sale of the lands under the execution issued on the judgment in the case of Reeder, Trustee, v. Movius Land and Loan Company. This order to show cause was issued on application of Parsons as receiver and was based upon the affidavit of Parsons' counsel. On the return day, Reeder, first appearing specially, challenged the jurisdiction of the court, and this challenge being denied, moved to quash and vacate the order to show cause on various grounds. The objections raised were overruled and the motion to quash and vacate was denied. Thereupon, on April 16, 1925, the court made its order as follows to wit:

"State of North Dakota, County of Sargent.

"In District Court, Third Judicial District.

"John P. Reeder, Trustee of Laura B. Saunders, Plaintiff, v. Movius Land and Loan Company, a Corporation, Defendant.

"In the Matter of the Receivership of Movius Land and Loan Company.

"State of North Dakota, County of Richland.

"In District Court, Third Judicial District.

"Louis Brenna and State of North Dakota, Plaintiff and Intervenor v. Movius Land and Loan Company, a Corporation, Defendant.

"Restraining Order."

"An order to show cause having heretofore been issued on application of A. L. Parsons, receiver of the Movius Land and Loan Company, requiring John P. Reeder, trustee of Laura B. Saunders, the sheriff of Sargent county, North Dakota, and the attorneys, agents and employees of said parties to show cause why they should not be restrained from proceeding with a sale under execution issued on a judgment in favor of John P. Reeder, trustee of Laura B. Saunders against the Movius Land and Loan Company, a corporation, of (here description of land), and said order to show cause having come on for hearing before this court at its chambers in the court house in the city of Wahpeton, county of Richland, state of North Dakota, on the 15th day of April, 1925, at the hour of ten o'clock A. M. of said day; having been continued by consent of the parties from April 10th, 1925 to such date, and said A. L. Parsons, appearing by his attorneys, Messrs. Schneller, Heder and Schneller, and John P. Reeder, trustee of Laura B. Saunders, appearing by his attorneys Messrs. W. E. Purcell and Forbes, Lounsberry and Forbes, and the said John P. Reeder, by his attorneys having filed a special appearance, and the same having been overruled, and the facts on which the motion for a restraining order was based and the facts on which the said John P. Reeder, trustee, objected to the allowance of the restraining order moved for by said A. L. Parsons, receiver, having been stipulated, and the court having considered the same and considered all the records and files, pursuant to such stipulation, in the cases of Louis Brenna and State of North Dakota, Plaintiff and Intervenor, v. Movius Land and Loan Company, and all the files and records in the case of Kilby v. Movius Land and Loan Company et al., both of which cases are pending in the district court of Richland county, North Dakota, and all the records and files in the case of John P. Reeder, trustee of Laura B. Saunders, v. Movius Land and Loan Company, being an action in Sargent county, state of North Dakota, in district court, third judicial district, and on all of such files and records, and upon all the files and records made on this order to show cause heretofore issued, including the affidavit on which such order was issued, made by J. A. Heder, and upon the special appearance filed by said John P. Reeder, trustee, and upon the objection

to order to show cause filed by said John P. Reeder, and upon the stipulated facts as aforesaid, It Is Ordered, that the said John P. Reeder, trustee of Laura B. Saunders, his attorneys, agents, servants and employees, and Olaf Enger, sheriff of Sargent county, North Dakota, and his deputies, agents, servants or employees, and each and all of them be and they are hereby restrained and enjoined from proceeding with the sale under execution, on the judgment of John P. Reeder, trustee of Laura B. Saunders, v. Movius Land and Loan Company, of the following described premises, (here description of land) until the further order of this court.

"Dated April 16, 1925.

"By the Court,

"*Chas. E. Wolfe,*

"Judge."

Thereafter, John P. Reeder, trustee of Laura B. Saunders, perfected the instant appeal therefrom.

Appellant contends that the court had no jurisdiction in the first instance to appoint a receiver; that the action as originally brought, and in which the receiver was appointed, was brought under the provisions of article 3 of chapter 27 of the Code of Civil Procedure, §§ 7989–8002, inclusive, Comp. Laws 1913; that the action was not an action begun by a judgment creditor to sequestrate corporate property as contemplated by § 7989, but plainly was brought under subdivision 1 of § 7990, on the ground that the corporation was then and had been insolvent for more than one year prior to the bringing of the action. Appellant contends, and rightfully, that an action under § 7990 must be brought by the attorney general in the name of the state, unless, as was not the case here, demand has been made upon the attorney general to bring the same, and on his refusal the district court has granted leave to a creditor to do so. He insists that therefore the district court of Richland county never had any jurisdiction in the matter and that the appointment of Parsons as receiver was wholly void. On the other hand, the respondent's position is that the court had jurisdiction irrespective of the statute; that the showing as made was such as to warrant the intervention of a court of equity and the appointment of a receiver to conserve the property of the corporation; that irrespective

of this inherent power of the court, any defects in the proceedings arising because the action was not originally brought by the attorney general in the name of the state, were cured by the subsequent intervention of the state and the substitution on order of the court of the state as a party plaintiff. The respondent further contends that the order of the court of April 4, 1925, wherein the state was substituted as a party plaintiff and Parsons retained as receiver, is conclusive and binding upon the appellant in this proceeding; that the parties aggrieved thereby had their remedy by way of appeal from the order in question and that such order cannot here be attacked.

We need not here be concerned with the validity of the court's action in the first instance in appointing the receiver. The state, unquestionably a proper party, appearing by the attorney general, asked to be substituted as a party, adopted the original complaint, and prayed that all that had theretofore been done by the court in the way of appointment of a receiver and otherwise, be ratified and confirmed. It is true that no formal order was then made by the court granting the petition of the state, but all the prior parties to the action joined in the petition, and thereafter the court at all times plainly proceeded on the theory that such an order had been made. It recognized the state as a party; it heard, considered, and granted motions and applications by the receiver touching matters pertaining to the receivership; it approved his accounts and ordered them paid; it directed the receiver to proceed with actions to set aside transfers of real property; to appraise assets; to sell property; to pay bills; and when Brenna moved for the dismissal of the action begun in his name and for the vacation and setting aside of the order appointing the receiver, or in the alternative for his discharge and removal, the court, by the formal written order of April 4, 1925, denied the motion with leave to Brenna to withdraw as a party plaintiff and ordered that the action be continued in the name of the state. The court was acting within the powers conferred by the statute. It had jurisdiction of the subject matter and of the parties. Its order is invulnerable to attack in this court, except by the parties and on appeal. Whether the appointment of Parsons was wise or proper cannot be considered here and now.

The appellant next contends that the order appealed from must fall because no sufficient notice of the application therefor was given. As

heretofore stated the order to show cause was issued on application of the attorney for the receiver on April 4, 1925. The order was made returnable on April 10th. Section 7947, Comp. Laws 1913, provides, "When notice of motion is necessary it must be served eight days before the time appointed for the hearing, but the court, or judge may by order to show cause prescribe a shorter time." Rule 5 of the Rules of Practice of the district courts, provides, "Orders to show cause will ordinarily not be granted where a motion will equally suffice." Rule 5 is consistent with the statute. The matter is left to the discretion of the court and when it appears to the court that good cause exists, the time may be shortened and the hearing brought on by order to show cause. Here a sale was impending. The trial court must have considered that the circumstances justified the issuance of the order to show cause to ascertain whether such sale should be restrained. No complaint was made that by reason of the shortened notice the appellant was in any way prejudiced. We think that no abuse of discretion on the part of the court was shown.

The appellant further contends that the court erred in issuing the order to show cause and in granting the injunction prayed for, for the reason that the showing was insufficient; that the receiver, on whose application the restraining order was issued, was not a party to any action in which it might issue; that no bond was required or furnished. Section 8001 expressly provides that where an action is pending for the dissolution of a corporation, under the provisions of article 3 of chapter 27, supra, a court may, at any time, on application of any party to the action, restrain all proceedings by any other creditor against the defendants in such action. Under this section, the action invests the court with discretion as to whether and when an injunction shall be issued. Its issuance is not subject to the same requirements as the ordinary restraining order. The court issues it ancillary to the main action in order to effectuate the purposes of that action—to protect and conserve the assets of the insolvent corporation to the end that the same may be applied in satisfaction of its obligations. It is true that the receiver was not a party to the action in the strict sense. He was, however, an officer of the court. Through him the court functioned to attain the purposes of the action. When, on showing of the receiver, it was brought to the attention of the court that the circumstances were

such that the appellant judgment creditor ought to be restrained from proceeding with the sale of lands in which the corporation had, or might have an interest, we think that the court was empowered to restrain the same without other showing. Marshall-Wells Hardware Co. v. New Era Coal Co. 13 N. D. 396, 100 N. W. 1084. The real property which had been levied upon had belonged to the defendant corporation. The validity of its transfer by defendant was being challenged as fraudulent. The receiver had been directed to bring action to set the conveyance aside. If sold at execution sale the property might bring much less than its real value. We cannot say, these facts appearing, that there was any abuse of discretion on the part of the trial court.

Appellant asserts that the order appealed from was entered in the Sargent county case of Reeder, Trustee, v. Movius Land and Loan Company. He urges that Parsons, the receiver, is not a party to that action but is merely an interloper; and that the court had no power to make the order on his application. What we have heretofore said in this case has been on the theory that the order is in fact a Richland county order entered in the case of State of North Dakota v. Movius Land and Loan Company. It is impossible to ascertain from the face of the order itself as to where the venue thereof was intended to be laid, or in what action it was intended to be entitled. The order is set out in full supra. It was filed in Richland county on April 16, 1925, and in Sargent county on May 21st. If issued in the Richland county case it is good. If issued in the Sargent county case it cannot stand. But in view of all the facts disclosed by the record we must assume that it was issued in the Richland county case and so is valid for the reasons heretofore set out. The order is clothed with the presumption of validity. The contrary must appear before it will be reversed. A party asserting error must show it affirmatively on the record. Sockman v. Keim, 19 N. D. 317, 124 N. W. 64; Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592. This the appellant has failed to do.

The order is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.